[Cite as *Gilley v. Ohio Reformatory for Women*, 2010-Ohio-1772.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VICTORIA J. GILLEY

 Plaintiff

 v.

OHIO REFORMATORY FOR WOMEN

 Defendant
 Case No. 2009-05030

Judge Joseph T. Clark

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On February 8, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. On March 9, 2010, the court conducted an oral hearing on the motion.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** According to her complaint, from 2003 to July 15, 2007, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16 at the Ohio Reformatory for Women in Marysville, Ohio. Plaintiff alleges that on July 19, 2004, and again on December 15, 2005, she was sexually assaulted by Willie Mapp, a corrections officer. Plaintiff asserts claims for assault, battery, intentional infliction of emotional distress, negligence (including both negligent hiring and supervision), and violations of her constitutional and civil rights. Plaintiff also alleges that she was continually threatened by Mapp during her imprisonment and was, therefore, unable to take any legal action regarding the incidents until her release on July 15, 2007. Plaintiff filed her complaint on May 21, 2009.

**{¶ 5}** On October 23, 2009, the court dismissed plaintiff's constitutional and civil rights claims pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction; dismissed plaintiff's claims of assault and battery pursuant to the one-year statute of limitations found in R.C. 2305.111(B); and dismissed plaintiff's claims of negligence pursuant to the two-year statute of limitations found in R.C. 2743.16(A).[1] However, the court stated: "to the extent that plaintiff alleges that Mapp continued to threaten her for an undisclosed period of time after the last assault, and making all reasonable inferences in favor of plaintiff, the complaint arguably asserts claims for intentional infliction of emotional distress and/or negligent supervision that accrued within two years of the filing of her complaint."

---

[1]R.C. 2743.16(A) provides, in relevant part:

"[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of the accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

{¶ 6} Defendant attached to its motion an affidavit of Roger Keller, which states, as follows:

{¶ 7} "1. I have personal knowledge of and I am competent to testify to the facts contained in this Affidavit.

{¶ 8} "2. I am employed by the Ohio Department of Rehabilitation and Correction (DRC) as the Human Capital Management Senior Analyst at the Ohio Reformatory for Women (ORW).

{¶ 9} "3. Through my employment with DRC at ORW, I am familiar with and maintain the personnel records of all current and former ORW employees.

{¶ 10} "4. I have reviewed Willie Mapp's personnel file. Further, I have personal knowledge of Willie Mapp being formerly employed by DRC at ORW as a correction officer.

{¶ 11} "5. Willie Mapp began working as a correction officer for DRC at ORW on August 18, 1997.

{¶ 12} "6. Willie Mapp resigned from his employment for DRC at ORW effective July 13, 2004.

{¶ 13} "7. Willie Mapp has not been re-employed by DRC at ORW in any capacity since July 13, 2004.

{¶ 14} "8. Willie Mapp has not been authorized to act on behalf of DRC at ORW in any capacity since his resignation effective July 13, 2004."

{¶ 15} Construing the evidence most strongly in plaintiff's favor, the court finds that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. The affidavit of Roger Keller establishes that Mapp's last day of employment with defendant was July 13, 2004. Plaintiff filed her complaint on May 21, 2009. The court finds that plaintiff's remaining claims are barred by the two-year statute of limitations found in R.C. 2743.16(A). Therefore, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court

costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Daniel J. Ryan                           Emily M. Simmons
1370 Ontario Avenue, #2000               Eric A. Walker
Cleveland, Ohio 44113                    Assistant Attorneys General
                                         150 East Gay Street, 18th Floor
                                         Columbus, Ohio 43215-3130

HTS/cmd
Filed April 12, 2010
To S.C. reporter April 21, 2010